Pee Ctjeiam.
I. [As to the first objection.]
Before our statute of Feb. 9, 1791, 87, and after our statute of June 21, 1701 (Prov. Law, 24), the English statutes of 4 Geo. II. c. 26, and 6 Geo. II. c. 14, § 5, which required legal proceedings to be in English, allowed technical words and phrases to -be used as they had been commonly before that time. These statutes'seem to have been admitted here. Our forms of writs (N H. Laws, ed. 1805, 79, &c.) have always used the words Anno Domini, for the year of our Lord. If the makers of the statute use them in the formal part of the writ, we see no reason why the plaintiff may not use them in his declaration, which, with us, makes a part of the writ..[1]
II. [As to the second objection.]
The answer to this objection is, that it appears with sufficient certainty, without this allegation, that the action has not been commenced too soon. The date of the writ is matter of record. Such an averment had better be omitted. In good forms it is omitted. Chitty, 246.
III. The third exception is the most material, though it may seem to be a small matter.
The English statutes, before mentioned, allow writs, declarations, and other proceedings, to be written or printed with the like wajr of writing or printing, and the like manner of expressing numbers by figures, as have been or are commonly used in courts; and with abbreviations such as are commonly used in English: so that, in all cases, it is not necessary that the matter should be written in words at length.
*285 Some of our judicial forms prescribed by statute (N. H. Laws, ed. 1805, 75) have the date of the year in figures. In the acts of our legislature, the date or time of enacting is also expressed in figures ; at least, as to the day of the month, and, in ancient times, the month itself. (a) And, we believe, it has not been infrequent for dates to be expressed in figures in declarations. But it has not been usual to express the ad damnum, in figures; and as this is a very material part of the declaration, and there is no usage, as far as we know, for expressing it in figures, and as the statute does not save it, we incline to the opinion that, for this cause, the declaration is bad.
But, as this is the first determination on the point, we would allow amendment, without costs, especially as the defendant has had a continuance.
.IV. [As to the fourth objection.]
The fact is not so. The declaration, in this particular, is strictly correct. Chelmsford is mentioned, because mentioned in the note. And “ at said Plymouth” (which Plymouth was mentioned in the writ) is added for a venue. In transitory actions, in this State, it may well be doubted whether any venue is necessary; inasmuch as it cannot be changed, and the law has determined in what county the action shall bo brought, or given the plaintiff the election between two or more. The trial must be in that county in which the action is brought; the jury must be of that county. Bringing the action in the county of Grafton" is of itself a venue; and neither in England at this day, nor ever in this State, must the jury come from any particular part of the county. Perhaps, however, the precedents require a venue to be alleged, and the omission may be taken advantage of on special demurrer.[1]
*286 Y. [As to the fifth objection.]
As to time, it must be understood to mean when the note became payable; and, as to place, that he was ready at said Hale’s, in said Chelmsford, viz. at said Plymouth; because it is before alleged that Chelmsford in Massachusetts is in Plymouth in this State; and once alleging-so palpable an untruth, one would think, was enough in one declaration. 1 Wms. Saund. 229. But, the truth is, this part of the declaration, as also the words “ Anno Domini,” might have been omitted, as well as that nine months had elapsed in the course of a year. This is surplusage which does not vitiate, even if it were uncertain, which it is not.

Defendant default.

[1]

 See Smith v. Butler, 1852, 25 N. H. 521; Berry v. Osborn, 1854, 28 N. H. 279.

 10th 2 m° [4 month?] 44, means 10th day of April, 1644, in the ancient records of this State, 1680.

 Griffin v. Huse, Rockingham, February Term, 1808, 10 Manuscript Reports, 805, was an action of assumpsit. The writ described both *286 parties as residents of Rockingham County. Upon general demurrer, the defendant relied on the objection that no venue was stated.
“ But The Coukt were of opinion that the declaration was well enough on general demurrer. By our statute (Laws, ed. 1805, 87), this action — let the contract have been made where it may — must be brought in this county. The plaintiff has no election. And the cause must be tried by a jury of this county. The venue, therefore, is a mere matter of form, and not of .substance. Its omission can only be taken advantage of by special demurrer.” Demurrer withdrawn.

 In Berry v. Osborn, 1854, 28 N. H. 279, it was held, that a special demurrer does not lie, under our statute for any defect or want of form only, nor for any error or mistake, where the person and case may be rightly understood by the Court.